William G. Myers III (ISB #5598)
HOLLAND & HART, LLP
800 West Main St., Suite 1750
Boise, ID  83702
Tel:     (208) 342-5000
Fax:    (208) 343-8869
Email: wmyers@hollandhart.com

Attorneys for Plaintiff Idaho Wool Growers Association

Andrew A. Irvine (*pro hac vice*)
ANDREW A. IRVINE, P.C.
P.O. Box 3221
Jackson, WY  83001
Tel:     (307) 690-8383
Fax:    (307) 333-0383
Email: andy@andrewirvinelaw.com

Attorney for Plaintiff North American Packgoat Association

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO WOOL GROWERS ASSOCIATION, and NORTH AMERICAN PACKGOAT ASSOCIATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>THOMAS VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, THOMAS TIDWELL, in his official capacity as Chief of the United States Forest Service, and UNITED STATES FOREST SERVICE,<br><br>    Defendants. | Case No. 1:08-CV-00394-BLW<br><br>**FIRST AMENDMENT TO STIPULATED SETTLEMENT AGREEMENT** |

    WHEREAS on July 9, 2016, Plaintiff Idaho Wool Growers Association, Plaintiff North American Packgoat Association and Defendants entered into a Stipulated Settlement Agreement (Dkt. 82-1) attached hereto as Exhibit A; and

WHEREAS the Parties now agree that the term for completion of the Supplement to the Environmental Impact Statement ("SEIS") and new Risk Analysis of Disease Transmission ("RADT") report contemplated under the Stipulated Settlement Agreement shall be extended through this First Amendment to the Stipulated Settlement Agreement;

THE PARTIES AGREE AND STIPULATE AS FOLLOWS:

1. Paragraph 6 of the Stipulated Settlement Agreement shall be amended to read: "Defendants shall initiate the SEIS and new RADT report by June 30, 2016. Defendants shall not issue the SEIS before September 30, 2017 and shall use their best efforts to complete the SEIS by January 10, 2018."

2. The remaining clauses and paragraphs of the Stipulated Settlement Agreement shall remain in full force and effect.

IT IS SO STIPULATED.

DATED: August 14, 2017          HOLLAND & HART, LLP

                                _/s/ William G. Myers III_____
                                William G. Myers III
                                Attorneys for Plaintiff Idaho Wool Growers
                                Association

DATED: August 14, 2017          ANDREW A. IRVINE, P.C.

                                _/s/ William G. Myers III for Andrew A. Irvine (by permission)_
                                Andrew A. Irvine
                                Attorney for Plaintiff North American Packgoat
                                Association

FIRST AMENDMENT TO STIPULATED SETTLEMENT AGREEMENT - 2

DATED:  August 7, 2017	RAFAEL M. GONZALEZ, JR.
	ACTING UNITED STATES ATTORNEY


	By:*/s/ Christine G. England*
	Christine G. England
	Assistant United States Attorney
	Attorney for Defendants

10114974_1

FIRST AMENDMENT TO STIPULATED SETTLEMENT AGREEMENT - 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO WOOL GROWERS ASSOCIATION, and NORTH AMERICAN PACKGOAT ASSOCIATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>THOMAS VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, THOMAS TIDWELL, in his official capacity as Chief of the United States Forest Service, and UNITED STATES FOREST SERVICE,<br><br>    Defendants. | Case No. 08-cv-00394<br><br>**STIPULATED SETTLEMENT AGREEMENT** |

    WHEREAS in July 2009, the Court granted summary judgment in favor of Plaintiff Idaho Wool Growers Association ("Wool Growers") (Dkt. 37) and later clarified that order in November 2009 (Dkt. 46), in which it ordered "the [Payette] Committees' findings and/or conclusions are not to be relied upon by the Forest Service with respect to any future agency decisions;"

    WHEREAS in June 2015, Plaintiff North American Packgoat Association ("Goatpackers") moved to join this case as a plaintiff (Dkt. 54);

    WHEREAS in June 2015, Plaintiffs Wool Growers and Goatpackers moved for an order holding Defendants in contempt of court for violation of the Court's 2009 Orders (Dkt. 57);

    WHEREAS in February 2016, the Court granted the Goatpackers' request to join this case as a plaintiff (Dkt. 66);

EXHIBIT A

WHEREAS in February 2016, the Court (1) granted Plaintiffs' request to hold Defendants in contempt of court; (2) granted Plaintiffs' request for an attorney fee award; (3) denied Plaintiffs' request for coercive sanctions; and (4) denied without prejudice Plaintiffs' request to hold unlawful and set aside the Shoshone RADT Report and related reports; and

WHEREAS the Parties now agree that settlement of the award of Plaintiffs' attorney fees and costs and settlement of Plaintiffs' request to hold unlawful and set aside the Shoshone RADT Report and related reports, is an appropriate way to resolve the award of attorney fees and costs as well as Plaintiffs' other requested relief;

THE PARTIES AGREE AND STIPULATE AS FOLLOWS:

1. Defendants agree to pay the sum of $140,000.00 as an award of attorney fees and costs for Plaintiffs' litigation and pre-litigation activities. Plaintiffs agree to accept payment of $140,000.00 in full satisfaction of any and all claims for attorney fees, costs and expenses arising out of the Court's February 2016 order (Dkt. 66) and incurred prior to execution of this Agreement.

2. The Forest Service's payment, as identified in paragraph 1 above, shall be accomplished by electronic funds transfer to Andrew A. Irvine, P.C. on behalf of Plaintiffs. The Forest Service agrees to submit all necessary paperwork to facilitate the funds transfer to the appropriate federal office within fifteen (15) business days after the Court enters this Settlement Agreement or the Plaintiffs provide all necessary information to process such paperwork, whichever date occurs later. Plaintiffs' attorneys shall provide to the undersigned counsel for the Forest Service the appropriate account number or other information needed to facilitate payment including the Plaintiffs' tax identification numbers. Plaintiffs also acknowledge that under 31 U.S.C. §§ 3711, 3716; 26 U.S.C. § 6402(d); 31 C.F.R. §§ 285.5, 901.3; and other authorities, the

United States will offset against the attorney fee award the delinquent debts of Plaintiffs owed to the United States, if any. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

3. Defendants shall retract the Shoshone 2012 and 2013 Risk Assessment of Disease Transmission ("RADT") reports that were prepared for the 2015 Shoshone Land Management Plan ("LMP") revision and all references to the Shoshone RADT reports in the administrative record for the Shoshone LMP revision.

4. Defendants shall retract the findings and conclusions concerning disease transmission between domestic sheep, domestic goats, and packgoats and wild bighorn sheep that relied on the Shoshone 2012 or 2013 RADT reports, the Payette National Forest's 2006 RADT report, and the Payette Principles report from the 2015 revised Shoshone LMP, the ROD for the Shoshone LMP revision, and the final EIS for the Shoshone LMP revision, and the administrative record for the Shoshone LMP revision.

5. Defendants shall prepare a Supplement to the EIS ("SEIS") and new RADT report consistent with NEPA and all applicable laws and regulations for the revision of the Shoshone LMP that analyzes the potential for disease transmission between domestic sheep, domestic goats, and packgoats, and wild bighorn sheep on the Shoshone National Forest. The SEIS shall consider whether there are differences in the potential for disease transmission by domestic sheep, domestic goats, and packgoats to wild bighorn sheep. Based on the SEIS and new RADT report Defendants shall issue a Supplemental ROD addressing the potential for disease transmission between domestic sheep, domestic goats, and packgoats, and wild bighorn sheep on the Shoshone National Forest.

6. Defendants shall initiate the SEIS and new RADT report by June 30, 2016 and shall use their best efforts to complete the SEIS within fourteen (14) months, by August 30, 2017.

7. Nothing in this Agreement shall be construed to prohibit the Forest Service from banning domestic sheep, domestic goats and packgoats on the Wapiti, Clarks Fork, Greybull, and Wind River Ranger Districts located on the Shoshone National Forest, consistent with previously issued closure orders, pending completion of the SEIS and Supplemental ROD. The Forest Service has advised Plaintiffs that it plans to keep the prohibitions on domestic sheep, domestic goats and packgoats in effect until termination of this Agreement consistent with paragraph 12 below.

8. This Agreement constitutes the complete and final resolution of all legal, equitable, and administrative claims arising out of or in any way associated with Plaintiffs' motion for an order holding Defendants in contempt of court (Dkt. 57). In exchange for Defendants' commitments in this Agreement, Plaintiffs and their respective affiliates, successors, and assigns hereby unconditionally and irrevocably release, waive, covenant not to sue, and forever discharge Defendants (including its past, present, and future officers, agents, and affiliates) from any and all claims, causes of action, allegations, demands, suits, judgments, liabilities, fees, interests, or obligations, whether known or unknown, foreseen or unforeseen, disclosed or undisclosed, presently asserted or otherwise, regarding, arising out of, or in any way associated with Plaintiffs' motion for an order holding Defendants in contempt of court in the above-captioned case. As an exception to the foregoing and as contemplated in paragraphs 10 and 11 below, however, Plaintiffs retain the right to enforce compliance with this Agreement.

9. The undersigned representatives of each party certify that they are fully authorized by the Party or Parties they represent to execute this stipulation.

10. The SEIS and Supplemental ROD for the Shoshone Plan revision prepared pursuant to this Agreement shall be subject to objection and judicial review in accordance with applicable laws and regulations. Any challenge to the SEIS, new RADT report, and Supplemental ROD will be in the form of a new complaint filed under the Administrative Procedure Act ("APA") in the appropriate jurisdiction.

11. Upon acceptance by the Court of this Agreement, the Court may retain jurisdiction of this matter pending termination of the Agreement solely for the limited purpose of determining compliance with the Agreement and only to the extent not limited by paragraph 10 above.

12. This Agreement terminates upon issuance of the Supplemental ROD.

IT IS SO STIPULATED.

DATED: ~~June    , 2016~~

July 9, 2016

_____
William G. Myers III
Holland & Hart, LLP
800 West Main Street, Suite 1750
Boise, ID 83702

Attorneys for Plaintiff Idaho Wool Growers Association

_[signature]_
Andrew A. Irvine
Andrew A. Irvine, P.C.
3490 Clubhouse Drive, Suite 104
Wilson, WY 83014

Attorney for Plaintiff North American Packgoat Association

_[signature]_
Wendy J. Olson
United States Attorney
By Christine G. England
Assistant United States Attorney
800 E. Park Blvd., Suite 600
Boise, ID 83712

Attorney for Defendants